UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04332-JFW-DFM | Date: | August 1, 2026 |
| Title | Karel Molina v. Acting or Current Secretary of Homeland Security et al | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondents: |
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) ORDER RETAINING JURISDICTION**

The Court is in receipt of Petitioner's pro se Petition for Habeas Corpus. See Dkt. 1 ("Petition").

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise. See California Energy Comm'n v. Johnson, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect its prospective jurisdiction."). Further, considering Petitioner's interests in participating in further proceedings before this Court, it is **ORDERED** that Petitioner shall not be transferred except to a facility within this District absent further order from this Court. See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (concluding that the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"); Belbacha v. Bush, 520 F.3d 452, 456 (D.C. Cir. 2008) (invoking the All Writs Act, 28 U.S.C. § 1651, and noting that if a case presents a "substantial jurisdictional question . . . a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction").

**IT IS SO ORDERED.**