**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **ED CV 26-4332-JFW(DFM)** Date: August 6, 2026

Title: Karel Molina *-v-* Acting or Current Secretary of Homeland Security, et al.

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND ORDER TO SHOW CAUSE [filed 8/4/2025; Docket No. 8]**

On August 4, 2026, Petitioner Karel Molina filed an Emergency Motion for a Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause ("Motion"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving papers, and the arguments therein, the Court rules as follows:

On July 31, 2026, the Clerk issued a Notice of General Order 26-05 and Briefing Schedule ("Notice"), which sets an expedited briefing schedule in this case. Docket No. 5. The briefing schedule requires Respondent to file an answer to Petitioner's Petition for Writ of Habeas Corpus ("Petition") no later than seven days from issuance of the Notice and Petitioner's reply is due no later than fourteen days after the answer is served. Moreover, on August 1, 2026, Magistrate Judge Douglas F. McCormick ordered that Petitioner neither be removed from the United States, nor transferred outside this District absent further order of the Court.

In light of the expedited briefing schedule on the underlying Petition and the Magistrate Judge's Order prohibiting Petitioner's removal or transfer, the Court concludes that Petitioner has failed to demonstrate that emergency relief is necessary. As a result, the Court concludes that Petitioner is not entitled to a temporary restraining order. *See Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 22 (2008) (concluding that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"); *see also Granny Good Foods, Inc., v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (holding that the underlying purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just

so long as is necessary to hold a hearing").

Accordingly, Petitioner's Motion is **DENIED**.

IT IS SO ORDERED.



Initials of Deputy Clerk _jl_